Mr. Terry McDavid School Board Attorney Columbia County School Board 200 North Marion Street Post Office Box 1328 Lake City, Florida 32056-1328
Dear Mr. McDavid:
This is in response to your request for an opinion on substantially the following question:
 WHETHER A SCHOOL BOARD MEMBER IN A COUNTY OF LESS THAN 100,000 POPULATION WHO COMPLIES WITH THE EXEMPTION REQUIREMENTS UNDER s 112.3140(2), F.S., MAY BID ON SUPPLIES WHICH ARE BEING PURCHASED BY THE SCHOOL SYSTEM OR MAY BID ON CONSTRUCTION PROJECTS BEING CONSTRUCTED BY THE SCHOOL BOARD.
You state that a question has arisen as to whether a member of the School Board of Columbia County may sell supplies to the school system through a company which he owns and whether a member of that school board may bid for construction projects on school property. Your letter further states that `[i]t appears that the selling of supplies is prohibited under Florida Statutes 839.09 with the provision that any Board member would not be prosecuted for such an offense in counties of less than 100,000 population as provided in 839.091.' You go on to state that it appears that the bidding for construction projects would be prohibited under s 839.10, F.S. Your letter states: `A question has arisen, however, by virtue of the adoption of Florida Statute 112.3140(12) which indicates that such conduct by a school board member would be allowed if the requirements of that exemption are complied with.'
While you refer to the provisions of s 839.08 which prohibit a public officer from purchasing supplies for public use from himself, it appears that the provisions of s 839.09 rather than s 839.08 would be the pertinent statute for consideration in this situation since it is, presumably, the school board, not an individual board member, which would be making the purchase. Section 839.09, F.S., in pertinent part, provides: `No state or county board or municipal board or council shall purchase supplies, goods or materials for public use from any firm or corporation in which any member of such board is either directly or indirectly interested. . . .' Section 839.10, F.S., in pertinent part, contains a similar prohibition for construction projects: `No state or county officer nor member of any state or county board shall bid for, or enter into, or be in any manner interested in any contract for public work for which the said officer or state or county board is or may be a party to the letting.' Section 839.091, F.S., provides a limited exemption from the prohibition contained in s 839.09 under certain circumstances for counties with populations of less than 100,000. By their express terms ss 839.09 and 839.10 apply to state or county (and in the case of s 839.09 municipal) officers and members of state or county (or municipal) boards.
School districts and district school boards are created pursuant to s 4(a), Art. IX, State Const. Section 4(b) provides that `[t]he school board shall operate, control and supervise all free public schools within the school district and determine the rate of school district taxes within the limits prescribed herein.' Seealso, ss 230.01 and 230.03(1) and (2), F.S., defining the District Unit, District School System and District School Board as providing for the independent powers of school boards in managing, controlling and operating the school districts. Cf., s 1(a), Art. VIII, State Const., providing for the division of the state into counties; and s 1(d), Art. VIII, State Const., providing for county officers. Under this constitutional and statutory scheme, it appears that school districts have been created as a separate and distinct unit of local government, independent from the county, with its own governing body and powers and duties. It is therefore my conclusion that a member of a district school board would not be considered to be a county or state officer. This office has previously concluded that the constitutional dual officeholding prohibition, s 5(a), Art. II, State Const., applicable to state, county and municipal officers, is not applicable to district school board members since such officers, as officers of a special district, are not included as one of the enumerated classes of state or local officers. See, AGO 84-72. Seealso, AGO 83-53, which concluded in discussing the applicability of the dual officeholding prohibition to various special district boards, such as district school boards, that since members of such boards are not state, county or municipal officers within the contemplation of s 5(a), Art. II, this prohibition is not applicable to those officers. Accord, AGO's 83-16, 75-153, 71-324, 69-49. And see, State ex rel. Smith v. Hamilton, 166 So. 742 (Fla. 1936) (provision of the 1885 Constitution requiring state, county, and municipal officers to hold over in their respective offices not applicable to district officers).
Furthermore, ti would appear that the rule of statutory construction which provides that the express mention of one thing in a statute implies the exclusion of other things not mentioned (expressio unius est exclusio alterius) is applicable to ss 839.09 and 839.10, F.S. See generally, Thayer v. State, 335 So.2d 815
(Fla. 1976) (where statute enumerates things on which it is to operate or forbids certain things, it is ordinarily to be construed as excluding from its operation all those not expressly mentioned); Dobbs v. Sea Isle Hotel, 56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Applying this rule to ss 839.09 and 839.10, F.S., I conclude that because the statutes are expressly applicable to state and county boards and municipal boards or councils, the prohibitions contained therein are not applicable to boards or members of boards of school districts since such district boards or members thereof are not specifically enumerated therein.
It is therefore my opinion that, unless and until judicially determined otherwise, the provisions of s 839.09, F.S., prohibiting state or county boards or municipal boards or councils from purchasing supplies from any firm or corporation in which any member of such board is directly or indirectly interested and s 839.10 prohibiting any state or county officer or member of any state or county board from bidding on construction projects being undertaken by the governmental officer or board do not apply to district school boards. This conclusion renders unnecessary any response as to whether or not the exemptions contained in s 839.091, F.S., are applicable under the circumstances described in your inquiry.
Any inquiry as to the applicability of s 112.3140, F.S., however, would have to be directed to the Commission on Ethics which is vested with the authority to render advisory opinions to any public officer in doubt as to the applicability and interpretation of Part III of Ch. 112, F.S., the Code of Ethics for Public Officers and Employees, to himself in a particular context. See, s112.322(2), F.S.
In conclusion, it is my opinion that, unless and until judicially determined otherwise, the provisions of s 839.09, F.S., prohibiting state or county boards or municipal boards or councils from purchasing supplies from any firm or corporation in which any member of such board is directly or indirectly interested, and s 839.10, F.S., prohibiting any state or county officer or member of any state or county board from bidding for public works for which the officer or board is or may be a party to the letting are not applicable to district school boards. Any inquiry as to the applicability of Part III of Ch. 112, F.S., must be directed to the Commission on Ethics.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General